JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Default Judgment and Permanent Injunction [DE 14]

### I. INTRODUCTION

On January 20, 2020, Plaintiffs Mikuni Ginko, Ltd. and Mikuni Restaurant Group, Inc. (collectively "Plaintiffs") filed a Complaint against Feng Chen Buffet, Inc. ("Defendant") alleging (1) trademark infringement; (2) false designation of origin and false representation under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (4) violation of mark rights under common law and California law, and; (5) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, 17203, and 17500. Defendant has not answered or otherwise responded to the Complaint. On February 20, 2020, the Clerk entered default against Defendant.

Presently before the Court is Plaintiffs' Motion for Default Judgment and Permanent Injunction ("Motion"). For the following reasons, the Court **GRANTS in part** Plaintiffs' Motion.

### II. FACTUAL BACKGROUND

Plaintiffs allege the following in the Complaint:

Plaintiffs operate and market Japanese restaurants and sushi bars in Sacramento, California under the name MIKUNI. Since May 1987, Plaintiffs have continuously and extensively used the name MIKUNI and various MIKUNI-related marks to identify the source of its restaurant and sushi bar services and to distinguish its goods and services in the marketplace. Plaintiffs also own and operate www.mikunisushi.com. Mikuni Ginko owns two Trademark Registrations associated with the MIKUNI brand.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

Defendant operates restaurants and provides related services in California. In August 2015, Defendant began marketing and promoting its restaurant services under the name MIKUNI SEAFOOD AND SUSHI BUFFET for a restaurant located in Torrance, California. Defendant also obtained an on-sale beer and wine license from the California Department of Alcoholic Beverage Control under MIKUNI SEAFOOD & SUSHI BUFFET for the same Torrance address. On December 16, 2015, Defendant registered www.mikuniseafoodbuffet.com and advertises its restaurant services through the website.

On July 31, 2019, Plaintiffs sent Defendant a cease and desist letter regarding Defendant's use of the MIKUNI mark, but Defendant did not respond. In support of their Motion for Default Judgment, Plaintiffs submit evidence that they sent a second cease and desist letter to Defendant on September 9, 2019. (*See* Dinardo Decl. ¶ 20, ECF No. 14-3.) On September 23, 2019, Defendant responded, claiming to have "changed all external restaurant names" in compliance with Plaintiff's letter. (*Id.* ¶ 22.) However, "[s]ubsequently, Plaintiffs learned that Defendant was still using the MIKUNI name on its restaurant," as evidenced by photos of the restaurant taken on January 28, 2020. (*Id.* ¶ 24.)

### III.    JUDICIAL STANDARD

Federal Rule of Civil Procedure 55(a) permits a court to enter a default judgment upon entry of default by the clerk and if a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(a). An applicant may seek a clerk-ordered judgment only when the claim is for an amount that is certain or capable of being made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the applicant must apply for a court-ordered default judgment. *Id.* at 55(b)(2).

Local Rule 55-1 provides that motions for default judgment must include the following information: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. L. R. 55-1.

A defendant's default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). Rather, it is within the court's discretion to grant or deny a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising its discretion, the court may consider the following factors (collectively, the "*Eitel* factors"):

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive
claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

(5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

For the purposes of default judgment, all well-pleaded factual allegations from the complaint, except those relating to the amount of damages, are assumed to be true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Thus, the plaintiff must provide proof of all damages sought in the complaint. This is limited by Rule 54(c), which states that "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c).

## IV.   DISCUSSION

Plaintiffs seek a default judgment against Defendant, as well as a permanent injunction, statutory damages, and attorneys' fees. The Court first considers whether Plaintiffs have satisfied the procedural requirements for a default judgment. The Court then considers the *Eitel* factors and Plaintiffs' requested remedies.

### A.   Procedural Requirements

Plaintiffs have satisfied the procedural requirements of Rule 55(b)(2) and Local Rule 55-1. On January 20, 2020, Plaintiffs filed a Complaint in federal court. On February 4, 2020, Plaintiffs filed a Proof of Service for Defendant. To date, Defendant has failed to answer or otherwise respond to the Complaint. Defendant is an entity and not an infant or incompetent person. The Servicemembers Civil Relief Act does not apply. On February 20, 2020, the Clerk entered default against Defendant. On March 20, 2020, Defendant was properly served with notice of this Motion according to Rule 55(b)(2).

### B.   The *Eitel* Factors

Because Plaintiffs have satisfied the procedural requirements for a motion for default judgment, the Court may, in its discretion, enter default judgment against Defendant based on the *Eitel* factors outlined below.

#### 1.   *Prejudice to Plaintiffs*

The Court first considers the possibility of prejudice to Plaintiffs if default judgment is not entered. In this case, Defendant has not answered or otherwise responded to the Complaint. If Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

Motion is not granted, Plaintiffs will have no remedy for Defendant's infringing activities. Plaintiffs will therefore be prejudiced if the Court does not grant default judgment. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

  2. *The Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint*

"The next two factors—the merits of the Plaintiff's substantive claims and the sufficiency of the complaint—are best considered together." *Sugarfina, Inc. v. Sweitzer LLC*, No. 217-CV-07950 ODW, 2018 WL 6265074, at *5 (C.D. Cal. Mar. 8, 2018). These factors require that a plaintiff state a claim on which it may recover. *PepsiCo*, 238 F. Supp. 2d at 1175. Here, Plaintiffs bring claims for (1) trademark infringement; (2) false designation of origin and false representation under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (4) violation of mark rights under common law and California law, and; (5) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, 17203, and 17500. The Court addresses each claim in turn.

  a. *Trademark Infringement (Claim 1)*

Plaintiffs' first claim is for trademark infringement. The Complaint does not specify the statutory basis for this claim, but the Court assumes this is a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a). To prevail on such a claim, Plaintiffs must show ownership of a "valid, protectable trademark," and that Defendant's "use of the mark is likely to cause confusion" among consumers as to the source of the services. *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). In their Complaint, Plaintiffs allege that (1) they own two trademarks for MIKUNI; (2) Defendant used Plaintiffs' trademarks in connection with its restaurant, and; (3) Defendant's use of the mark is likely to cause consumer confusion. Accordingly, the Court finds that Plaintiffs' trademark infringement claim is adequately pled.

  b. *False Designation of Origin and False Representation (Claim 2)*

Plaintiffs' next claim is also brought under the Lanham Act. To prevail on their false designation of origin claim, Plaintiffs must prove that Defendant (1) used in commerce (2) any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, (3) which is likely to cause confusion, or to cause mistake, or to deceive (4) as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of his goods by Plaintiffs. *PepsiCo*, 238 F. Supp. 2d at 1176 (citing 15 U.S.C. § 1125(a)(1)(A)). Here, Plaintiffs' Complaint alleges that Defendant (1) uses in commerce, (2) the MIKUNI marks, (3) causing consumer confusion, (4) about whether there is an association between Plaintiffs and Defendant. Thus, this claim is adequately pled.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

    c.  *False Advertising (Claim 3)*

  Plaintiffs' third claim is for false advertising in violation of the Lanham Act. To prevail on such a claim, the plaintiff must establish: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Here, Plaintiffs' Complaint adequately alleges a false advertising claim.

    d.  *Common Law and State Law Trademark Infringement (Claim 4)*

  Plaintiffs' fourth claim is for violation of mark rights under common law and California law. "California statutory trademark infringement is proved if anyone uses a mark that is identical with, or substantially indistinguishable from, a mark registered in the state, on or in connection with goods or services for which the genuine mark is registered." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). Plaintiffs' Complaint adequately alleges that Defendant used the MIKUNI mark in connection with services for which the genuine mark is registered.

    e.  *Unfair Competition (Claim 5)*

  "An action for unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.* is substantially congruent to a trademark infringement claim under the Lanham Act." *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991) (internal quotation marks omitted). "Under both, the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks." *Id.* (internal quotation marks omitted). Because Plaintiffs have adequately alleged the elements of a claim for trademark infringement under the Lanham Act, Plaintiffs have also adequately alleged the elements of their unfair competition claim.

  In sum, the Court concludes that Plaintiffs' Complaint properly alleges the elements of these five claims. Accordingly, the second and third *Eitel* factors are satisfied.

    3.  <u>The Sum of Money at Stake</u>

  The Court next addresses the sum of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. "This requires the court to assess whether the recovery

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

sought is proportional to the harm caused by defendant's conduct." *Nutramax Labs., Inc. v. Body Wise Int'l, Inc.*, No. 18-CV-2076 DOC, 2019 WL 3210095, at *4 (C.D. Cal. Apr. 10, 2019). In this case, Plaintiffs request a permanent injunction, $3,000 in treble damages, and $500 in attorneys' fees. If the Court were to grant Plaintiffs' total requested monetary award, this award would be consistent with other default judgment awards in the context of trademark infringement. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Thus, this factor weighs in favor of default judgment.

    4.    *Dispute Concerning Material Facts*

The next *Eitel* factor "examines the likelihood of dispute between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign*, 845 F. Supp. 2d at 1082. Here, the likelihood of dispute regarding the material facts of this case is low because Plaintiffs have supported their claims with ample evidence and Defendant has made no attempt to challenge the accuracy of the allegations in the Complaint. Additionally, Plaintiffs reached out to Defendant to ask that Defendant stop its infringing activities. In response, Defendant stated that it had ceased using Plaintiffs trademark. However, subsequent evidence indicates that Defendant has not done so. (*See* Ex. M, ECF No. 14-4.) Therefore, the risk of a dispute concerning a material fact is low. This factor weighs in favor of default judgment.

    5.    *Excusable Neglect*

The fifth *Eitel* factor considers whether Defendant's default was the result of excusable neglect. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign*, 845 F. Supp. 2d at 1082. Here, Defendant has been served and appears to be aware of this lawsuit. (*See* Ex. L, ECF No. 14-4.) This factor therefore weighs in favor of default judgment.

    6.    *Policy Favoring Decision on the Merits*

"The final Eitel factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist*, 694 F. Supp. 2d at 1061. Here, although there is a strong policy in favor of deciding cases on their merits, default judgment is appropriate because Defendant has failed to appear. *See Wecosign*, 845 F. Supp. 2d at 1083.

In sum, all of the *Eitel* factors weigh in favor of default judgment. The Court thus turns to Plaintiffs' requested relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

### C. **Plaintiffs' Requested Remedies**

#### 1. *Permanent Injunction*

Plaintiffs seek to permanently enjoin Defendant from infringing upon Plaintiffs' trademarks. "15 U.S.C. § 1116(a) vests the district court with the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006). In fact, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate*, 846 F.2d at 1180. A plaintiff seeking a permanent injunction must demonstrate: (1) it suffered irreparable injury, (2) other remedies "are inadequate to compensate for that injury," (3) an injunction is warranted after "considering the balance of hardships between the plaintiff and defendant," and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Reno Air Racing*, 452 F.3d at 1137.

Here, Plaintiffs established that a permanent injunction is warranted. First, Plaintiffs allege they have been injured and will continue to suffer irreparable injury to their business and reputation unless the injunction is granted. *See Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, 736 F.3d 1239, 1250 (9th Cir. 2013) ("Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm.") Second, Plaintiffs allege they have no adequate remedy at law because they cannot be fully compensated through money damages for Defendant's infringement. *See Century 21 Real Estate*, 846 F.2d at 1180. Third, the balance of hardships favors a permanent injunction because Defendant will suffer no hardship from being required to comply with law, *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, No. 14-CV-2307-RSWL-FFM, 2014 WL 4679001, at *3 (C.D. Cal. 2014), and Plaintiff would otherwise lose profits and goodwill. Finally, the public interest will not be disserved by granting injunctive relief because "[t]he public has an interest in avoiding confusion between two companies' products." *Internet Specialties West, Inc. v. Milon–DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009).

#### 2. *Statutory Damages*

The Lanham Act provides that, subject to the principles of equity, a trademark owner may "recover (1) defendant's profits, (2) any damages sustained by plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). When an infringer's use of a counterfeit trademark is willful, a court must award three times the plaintiff's profits or damages, along with reasonable attorneys' fees, unless there are extenuating circumstances. 15 U.S.C. § 1117(b).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

In a case involving goods sold with a counterfeit trademark, a plaintiff may elect to recover statutory damages instead of profits and actual damages. 15 U.S.C. § 1117(c). Statutory damages range from $1,000 and $200,000 "per counterfeit mark per type of goods or services sold[.]" 15 U.S.C. 1117(c)(1). If the Court finds a willful use of the counterfeit mark, a plaintiff may recover up to $2 million per counterfeit mark. 15 U.S.C. § 1117(c)(2). "In determining the appropriate amount of statutory damages to award on default judgment, courts in this district have considered whether the amount of damages requested bears a plausible relationship to Plaintiff's actual damages." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014).

Here, Plaintiffs seek statutory damages of $1,000 trebled to $3,000. However, the Court can only treble damages awarded under 15 U.S.C. § 1117(a). There is no provision for the trebling of statutory damages under 15 U.S.C. § 1117(c). That being said, the Court finds that Defendant's use of a counterfeit mark was willful in this case. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (noting that upon default, "all factual allegations in the complaint are deemed true, including the allegation of [the defendant's] willful infringement"). Thus, the Court exercises its discretion and awards $3,000 in statutory damages for Defendant's willful infringement of Plaintiffs' trademark based on the need to deter Defendant from future misconduct.

### 3. *Attorneys' Fees*

Plaintiffs seek an award of attorneys' fees under 15 U.S.C. § 117(a). However, Plaintiffs are seeking statutory damages under § 1117(c), and an election to receive statutory damages, rather than actual damages, precludes an award of attorneys' fees. *K and N Engineering, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir. 2007) (district court abused its discretion by awarding attorneys' fees where plaintiffs sought statutory damages under § 1117(c)). Accordingly, the Court denies Plaintiffs' request for $500 in attorneys' fees.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00556-RGK-AFM | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Mikuni Ginko, Ltd. et al v. Feng Chen Buffet, Inc.* | | |

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Plaintiffs' Motion. The Court awards Plaintiffs $3,000 in statutory damages under 15 U.S.C. § 1117(c). Further, the Court **ORDERS** as follows:

Defendant is permanently enjoined from:

(A) infringing upon Plaintiffs' Trademark Registration Nos. 3,106,515 and 3,106,517;

(B) using MIKUNI SEAFOOD & SUSHI BUFFET, or any name or phrase including "MIKUNI" for or in connection with marketing, advertising, promoting and/or selling restaurant services or related goods/services;

(C) using a website or domain name including the word "MIKUNI" for marketing, advertising, promoting and/or selling restaurant services; and

(D) passing off their goods/services as Plaintiffs' goods/services.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____